REDMANN, Judge.
We deemed $22,500 general damages an abuse of the jury’s discretion for the injuries described in our original opinion. The Supreme Court’s grant of writs and remand “for reconsideration of the award in the light of Reck v. Stevens, 373 So.2d 498 (La.1979),” establishes that the Supreme Court does not agree.
Our view that $22,500 exceeded the jury’s discretion is not, we concede, rationally defensible in any scientific sense. There is no rational basis for transmogrifying dolor into dollars. And there is no market price for pain.
We might nevertheless note that that award represented, at its time in March 1978, more than four times the value of a new, full-sized American automobile (about $5,000). It was the view of this panel of this court that the price of one new car would have been proper “reparation” for plaintiff’s suffering — and the tortfeasor’s duty under La.C.C. 2315 is only to “repair” the damage his fault causes. It has been the rule in Louisiana that punitive damages are not awardable.
The jury’s award was over four times what we would have awarded as reparation. We therefore deemed the award abusive in *503 the light of our experience with other awards — notwithstanding that there is not now, never has been, never will be, and never can be a rational yardstick for measuring misery with money.
We cannot, then, rationally defend our having reduced the award to $10,000— which, at twice our own evaluation, we thought was about the upper limit of appropriate monetary reparation. We tried to follow Coco v. Winston Ind., Inc., La. 1976, 341 So.2d 332, in its appellate quantum review hints, which we respectfully suggest have not revealed to us a clear path to follow because there is no clear path. We cannot, we say, rationally defend reducing $22,500 — any more than we could rationally defend reducing $225,000.
It is only our intuition as informed observers that perceives an award as abusively high or low; and it is only the informed intuition of the Supreme Court Justices that perceives the same award as not abusively high or low. The Supreme Court is, however, the supreme court.
The judgment appealed from is therefore affirmed.
BEER, J., dissenting.